IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MILLENNIUM CHEMICALS, INC.; MILLENNIUM AMERICA HOLDINGS, LLC; and MILLENNIUM HOLDINGS, LLC, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:15-CV-38-L** |
| FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP and RICHARD A. WOLFE, | § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion to Remand, filed February 2, 2015. After careful consideration of the motion and brief, response, reply, record and applicable law, the court **grants** Plaintiffs' Motion to Remand not for the procedural defect asserted, but because the Removing Defendants have not established that the court has subject matter jurisdiction over this action.

### I.   Procedural Background

Millennium Chemicals, Inc.; Millennium America Holdings, LLC; and Millennium Holdings, LLC ("Plaintiffs") originally filed this action on November 14, 2012, in the 116th Judicial District Court, Dallas County, Texas, against Hanson Building Materials Limited; HBMA Holdings, LLC; Lehigh Hanson, Inc.; Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank"); and Richard Wolfe ("Wolfe"). At some point after the state action was filed, the state court determined that the dispute between Plaintiffs and the Hanson Defendants ("Hanson Building Materials Limited, HBMA Holdings, LLC, and Lehigh Hanson, Inc.") was subject to

**Memorandum Opinion and Order – Page 1**

arbitration. The action arose out of a September 30, 1996 tax-sharing agreement entered into between the Hanson Defendants and Plaintiffs' predecessors. At the time the state court ordered arbitration, the state action was administratively closed or stayed pending the outcome of arbitration. From what the court can ascertain from the record, Fried Frank and Wolfe were not parties to the arbitration agreement, and they took no part in the arbitration. On December 12, 2014, the state court entered an order nonsuiting the Hanson Defendants with prejudice. The only Defendants remaining after the issuance of the nonsuit order were Fried Frank and Wolfe.

On January 6, 2015, Fried Frank and Wolfe removed this action to federal court, contending that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs disagree and contend that the removal to federal court was untimely under 28 U.S.C. § 1446(c)(1) because it was filed more than one year after commencement of the state action. Plaintiffs seek a remand of this action to state court. Fried Frank and Wolfe counter that the removal was timely because they removed within thirty days of the dismissal of the nondiverse Defendants.

Whether an action is timely removed relates to a procedural, not jurisdictional, defect. The court, for the reasons set forth, determines that it lacks subject matter jurisdiction over this action. Accordingly, the court declines to address the arguments made regarding the procedural defect in removal.

**II.     Subject Matter Jurisdiction**

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited

**Memorandum Opinion and Order – Page 2**

jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

As the parties do not dispute the amount-in-controversy prong, which the court concludes has been met, the court will focus on the diversity of citizenship prong of the standard. Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any

**Memorandum Opinion and Order – Page 3**

defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted). Such failure, however, is a procedural defect and may be cured by filing an amended notice. *Id.* n.4.

A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residence' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

A partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted). A corporation is

a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold. In this instance, Fried Frank and Wolfe as the removing defendants have the burden to establish that complete diversity exists between the parties.

**III.    Analysis**

The court has examined Plaintiffs' Original Petition ("Petition") and Defendants' Notice of Removal ("Notice"). Neither document sufficiently sets forth the bases for diversity of citizenship between the parties. The Notice provides the following information regarding the citizenship of the remaining parties:

> 6.    This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.
>
> 7.    As admitted in Plaintiffs' Original Petition ("Petition") ¶¶ 8-10, Plaintiffs are Delaware entities with their principal places of business in Dallas, Texas and are citizens of Texas.
>
> 8.    As admitted in the Petition and the Attorney Defendants' Special Appearance filed December 26, 2012, Defendant Fried Frank is a limited liability partnership organized and existing under the laws of the State of Delaware. Fried

**Memorandum Opinion and Order – Page 5**

> Frank has it principal place of business in New York, New York and maintains offices in Washington D.C. and in various foreign countries. Fried Frank has no office in Texas and none of Fried Frank's partners is a resident of Texas. Defendant Wolfe is a resident of New Jersey and practices in Fried Frank's New York, New York office.
>
> 11. Because the Plaintiffs are citizens of Texas, and the Attorney Defendants (the only remaining defendants following the arbitration and non-suit) are not citizens of Texas, complete diversity of citizenship exists under 28 U.S.C. § 1332.

Defs.' Notice of Removal 3, ¶¶ 6-11.

Plaintiffs' Petition makes the following allegations regarding citizenship with respect to the parties that remain:

> 8. Plaintiff Millennium Chemicals Inc. is a Delaware corporation with its principal office located at 2101 Cedar Springs Road, Suite 1100, Dallas, Texas 75201.
>
> 9. Plaintiff Millennium America Holdings, LLC (f/k/a Millennium America Holdings Inc. and HM Anglo-American Ltd.) is a Delaware limited liability company with its principal office located at 2101 Cedar Springs Road, Suite 1100, Dallas, Texas 75201.
>
> 10. Plaintiff Millennium Holdings, LLC is a Delaware limited liability company (as successor by merger to HMB Holdings Inc.) with its principal office located at 2101 Cedar Springs Road, Suite 1100, Dallas, Texas 75201.
>
> . . .
>
> 14. Based on information and belief, Defendant Fried Frank Harris Shriver & Jacobson LLP is a foreign registered limited liability partnership with its principal office located at One New York Plaza, New York, New York 10004. Fried Frank may be served by directing process to its managing partner at its principal business office. In the alternative, Fried Frank has constructively appointed the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its registered agent for service of process in Texas because it engages in business in Texas, but does not maintain a regular place of business in this State or a designated agent for service of process, and this suit arises out of Fried Frank's business in Texas.

**Memorandum Opinion and Order – Page 6**

    15. Based on information and belief, Defendant Richard A. Wolfe is an individual with his principal business office located at One New York Plaza, New York, New York 10004.  Wolfe may be served at his principal business office.

Pls.' Orig. Pet. ¶¶ 8-10, 14, 15.

  The allegations regarding Millennium Chemicals, Inc. ("MCI") with respect to its citizenship are deemed sufficient by the court.  Although reference is made to MCI as having its "principal office" located in Texas rather than its "principal place of business," the court believes the reference to "principal office" is sufficiently close to the term "principal place of business."

  With respect to the allegations regarding Millennium America Holdings, LLC, the allegations do not meet the relevant legal standard.  A limited liability company's citizenship is determined by the citizenship of all of its members, not by the location of its principal place of business.  The court, first, has no information regarding the members of this liability company.  Second, the court has no information regarding the citizenship of these members.  Thus, the court is unable to determine the citizenship of Millennium America Holdings, LLC.

  The same deficiencies and flaws are present regarding the citizenship of Millennium Holdings, LLC.  No information or allegations exists regarding the members of Millennium Holdings, LLC, or their citizenship.  The court thus cannot ascertain the citizenship of this limited liability company.

  The court now addresses the allegations of citizenship regarding Fried Frank, a limited liability partnership.  The principal place of business is totally irrelevant in determining the citizenship of a partnership, as the citizenship of a partnership is determined by the citizenship of each of its partners.  No information or allegations are set forth with respect to the citizenship of each partner of Fried Frank.  Therefore, the court can make no determination as to Fried and Frank's citizenship.

**Memorandum Opinion and Order – Page 7**

Finally, the court notes that allegations regarding the Individual Defendant, Wolfe, are inadequate. The allegations merely state that Wolfe is a resident of New Jersey and that his principal office is in New York. One's place of residence does not establish citizenship, as residency is not synonymous with citizenship, and an individual's "principal office" is quite beside the point insofar as determining his or her citizenship.

The deficiencies noted by the court cannot be overlooked and do not permit it to determine the basis on which diversity of citizenship exists. As previously noted, "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citation omitted). Because of the inadequacy of the allegations regarding the citizenship of the parties and diversity, remand is required. *Stafford*, 945 F.2d at 805.

## IV. Attorney's Fees

Plaintiffs seek attorney's fees and costs incurred if the court remands this action to state court pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Bad faith is not "a prerequisite to awarding attorney fees and costs." *Id.* (citation omitted). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). In this regard, the court must decide "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time of removal,

**Memorandum Opinion and Order – Page 8**

"irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes*, 199 F.3d at 293.

Although the court will remand the case to state court, it does so on a ground not asserted by Plaintiffs. Plaintiffs asserted a procedural defect as the basis for a remand, and the court remands for lack of subject matter jurisdiction, which is a jurisdictional defect. The court's decision rests on the insufficiency of certain jurisdictional allegations. In other words, this is a case in which Fried Frank and Wolfe ultimately might have been able to show that complete diversity of citizenship does in fact exists; however, since they failed to do so, remand is required. In any event, the court does not believe that a party should be entitled to attorney's fees when a case is remanded on a ground other than the one asserted by the party seeking remand.

Further, although the court does not use the procedural defect asserted by Plaintiffs to remand this action, it does note, without deciding, that the determination of whether the action was timely removed is a close question, and the court has not decided how it would ultimately rule. Given the closeness of the question, the court cannot say at this juncture that the Removing Defendants did not have objectively reasonable grounds to remove this action.

For the reasons herein stated, the court does not believe that an award of attorney's fees and costs to Plaintiffs is warranted or in the interest of justice. Accordingly, the court will deny Plaintiffs' request for attorney's fees and costs.

### V. Conclusion

For the reasons herein stated, the court **determines** that Fried Frank and Wolfe have not carried their burden and established that complete diversity of citizenship exists between the parties. Accordingly, the court **lacks** subject matter jurisdiction to entertain this action, **grants** Plaintiffs' Motion to Remand, and **remands** this action to the 116th Judicial District Court of

**Memorandum Opinion and Order – Page 9**

Dallas County, Texas.  The clerk of the court shall effect this remand in accordance with the usual procedure.  The court **denies** Plaintiffs' request for attorney's fees and costs.

    **It is so ordered** this 30th day of April, 2015.

                                        Sam A. Lindsay
                                        United States District Judge